# EXHIBIT A

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MOHANAD SUEDE,

        Plaintiff,

                                  25-        NZ

v

ASTON MARTIN LAGONDA OF NORTH AMERICA, INC., a Connecticut corporation,

        Defendant,

_____/

CONSUMER LEGAL SERVICES, P.C.
STEVEN S. TOTH P-44487
RONALD J. BOLZ P-43897
CHRISTOPHER A. WINKLER P-57431
TRAVIS L. SHACKELFORD P-68710
STEVEN S. TOTH JR P-83678
Attorneys for Plaintiff
30928 Ford Road
Garden City, MI   48135
(734) 261-4700

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as
alleged in this Complaint in this Court, nor has any such action been previously filed and dismissed or
transferred after having been assigned to a judge, nor do I know of any other civil action not between these
parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or
was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge
in this Court.

**<u>COMPLAINT</u>**

        NOW COMES the Plaintiff, by and through Plaintiff's attorneys, CONSUMER

LEGAL SERVICES, P.C., who complains against the above-named Defendant as

follows:

        1.     Plaintiff is a resident of the City of West Bloomfield, Oakland County,

Michigan.

1

*(left margin, vertical text)* 25-017295-NZ FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   10/31/2025 10:42 AM   Yolanda Payne

2.      Defendant, ASTON MARTIN LAGONDA OF NORTH AMERICA, INC.

(hereinafter referred to as "Manufacturer"), is a Connecticut corporation authorized to do

business in the State of Michigan and, at all times relevant hereto, was engaged in the

manufacture, sale distribution and/or importing of manufacturer's vehicles and related

equipment, with its registered agent located in the City of Plymouth, Wayne County,

Michigan.

3.      On or about April 14, 2023, Plaintiff purchased a certified pre-owned 2019

Aston Martin DB11, VIN SCFRMFCWXKGM06748 (hereinafter referred to as "2019

DB11"), from Suburban Exotics in Troy, Michigan (hereinafter referred to as Seller)

which was manufactured by the Manufacturer (see copy of the Retail Installment

Contract attached as Exhibit A).

4.      Along with the purchase of the 2019 DB11, Plaintiff received written

warranties, extended warranties and other express and implied warranties including, by

way of example and not by way of limitation, warranties and extended warranties from

the Manufacturer (a copy of the written warranty is in the possession of the Defendant).

5.      Plaintiff has taken the 2019 DB11 to the Manufacturer's authorized

agents/dealers on at least eight (8) separate occasions (see copy of repair orders

attached as Exhibit B). By way of example, and not by way of limitation, the defects

with Plaintiffs' 2019 DB11 include the following:

2

| <u>Date</u> | <u>Mileage</u> | <u>Invoice #</u> | <u>Complaint</u> |
|------|---------|----------|-----------|
| 04/20/23 | 14,129 | 335459 | **BODY:** after putting the top up the window would not roll up fully. Eventually the window would roll up but once the door was opened the window would not roll down to clear the convertible top. |
| 10/16/23 | 21,788 | 336966 | **TRIM:** The glove box button does not open the glove box. |
| 01/05/24 | 22,128 | 337431 | **TRIM:** The button to adjust the center console position is inop. |
| 03/27/24 | 23,274 | 338032 | **TRIM:** There is a rattling/buzzing sounds coming from the center speaker in the back seat of the vehicle. |
| 06/10/24 | 25,133 | 5031 | **ENGINE:** CEL came on solid and went off with no driveability issue. A few days later CEL came on flashing and had poor acceleration |
| | | | **TRIM:** Subwoofer in rear seats is rattling. |
| 10/16/24 | 25,621 | 5115 | **ENGINE:** Check engine light is on. |
| | | | **TRIM:** Speaker cover is loose and rattling causing noise. |
| | | | **ELECTRICAL:** His garage door opener is inop. |
| 11/12/24 | 25,951 | 5134 | **ENGINE:** Check engine light is on. |
| 12/10/24 | 29,115 | 5134 | **ENGINE:** Check engine light is on. |
| | | | **VEHICLE IS CURRENTLY AT LAFONTAINE ASTON MARTIN WHERE IT REMAINS UNREPAIRED.** |

3

6.     This cause of action arises out of Defendant's misrepresentations, various breaches of warranties, breaches of contractual obligations, violations of statutes and breaches of covenants of good faith and fair dealing as hereinafter alleged.

7.     The amount in controversy exceeds TWENTY FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendant, together with equitable relief. In addition, Plaintiff seeks damages from Defendant for incidental, consequential, exemplary and actual damages including interest, costs, and attorneys' fees.

**COUNT I**
**BREACH OF WRITTEN WARRANTY**

8.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 7 as though herein fully restated and realleged.

9.     Plaintiff is a "buyer" under the Michigan Uniform Commercial Code, MCLA 440.2103; MSA 19.2103.

10.     Manufacturer is a "Seller" under the Michigan Uniform Commercial Code, MCLA 440.2103; MSA 19.2103.

11.     The 2019 DB11 constitutes "goods" under the Michigan Uniform Commercial Code, MCLA 440.2105; MSA 2105.

12.     This is a "transaction in goods", to which MCLA 440.2102; MSA 19.2105 is applicable.

4

13.     Plaintiff's purchase of the "certified" 2019 DB11 was accompanied by warranties, written and otherwise, offered by the Manufacturer. Whereby said warranties were part of the basis of the bargain of the contract, upon which Plaintiff relied, between Plaintiff and Manufacturer for its sale of the vehicle.

14.     In its written warranty, the Manufacturer warranted if any defects were discovered within certain periods of time, the Manufacturer would provide repair of the "certified" 2019 DB11 free of charge to Plaintiff under specific terms as stated in the written warranty. Additionally, the subsequent servicing of the subject vehicle at Manufacturer's authorized repair facilities and parts provided were warranted by Defendant.

15.     In fact, Plaintiff discovered the 2019 DB11 had defects and problems after Plaintiff purchased the vehicle as discussed above.

16.     Plaintiff notified Manufacturer of the aforementioned defects.

17.     Plaintiff has provided the Manufacturer with sufficient opportunities to repair or replace the 2019 DB11.

18.     Plaintiff has reasonably met all obligations and pre-conditions as provided in the written warranty.

19.     The Manufacturer has failed to adequately repair the 2019 DB11 and/or have not repaired the 2019 DB11 within a reasonable amount of time.

5

20.     Even though the written warranty provided to Plaintiff limited Plaintiff's
remedy to repair and/or adjust defective parts, the 2019 DB11's defects have rendered
the limited warranty ineffective to the extent the limited remedy of repair and/or
adjustment of defective parts failed of its essential purpose pursuant to MCLA
440.2719(2); MSA 19.2719(2); and/or the above remedy is not the exclusive remedy
under MCLA 440.2719(1)(b); MSA 19.2719(1)(b).

21.     The 2019 DB11 continues to contain defects which substantially impair the
value of the automobile to the Plaintiff.

22.     These defects could not reasonably have been discovered by the Plaintiff
prior to Plaintiff's acceptance of the 2019 DB11.

23.     The Manufacturer induced Plaintiff's acceptance of the 2019 DB11 by
agreeing, by means of the written warranties, to remedy, within a reasonable time,
those defects which had not been or could not have been discovered prior to
acceptance.

24.     As a result of its defective nature, the Plaintiff has lost faith and confidence
in the 2019 DB11 and the Plaintiff cannot reasonably rely upon the vehicle for the
ordinary purpose of safe, efficient transportation.

25.     Plaintiff alleges that as of the date of revocation, the 2019 DB11
was in substantially the same condition as at delivery except for damage caused by its
own defects and ordinary wear and tear and seeks to return the vehicle to Defendant for
a refund.

6

26.    If the finder of fact finds revocation and/or return of the vehicle for a refund was improper, then, in the alternative, Plaintiff is entitled to damages for breach of warranty calculated by the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted.

27.    The Manufacturer has refused Plaintiff's demands and has failed to provide Plaintiff with the remedies to which Plaintiff is entitled, and Defendant's breach of warranty obligations have damaged Plaintiff.   (Including, but not limited to, MCLA 440.2313, MCLA 440.2608, MCLA 440.2711, 440.2714 and 440.2715).

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.    Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.    For a refund of the purchase price and finance charges paid by Plaintiff for the 2019 DB11;

C.    To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

D.    For all damages caused by Defendant's breach of written warranty;

E.    Plaintiff's return of the vehicle for a refund to Defendant under Davis v Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

F.    For incidental, consequential and actual damages;

G.    For costs, interest and attorneys' fees; and

H.    For such other relief this Court deems appropriate.

7

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28.     Plaintiff incorporates herein by reference each and every allegation
contained in Paragraphs 1 through 27 as though herein fully restated and realleged.

29.     The Manufacturer is a "merchant" with respect to automobiles and vehicle
components under the Michigan Uniform Commercial Code, MCLA 440.2104; MSA
19.2104.

30.     The 2019 DB11 and the replacement parts installed on it were subject to
implied warranties of merchantability under MCLA 440.2314; MSA 19.2314, running
from the Manufacturer to the benefit of Plaintiff.

31.     The 2019 DB11 and replacement parts installed on it were not fit for the
ordinary purpose for which such goods are used and would not pass without objection
in the trade.

32.     The defects and problems hereinbefore described rendered the 2019
DB11 and the replacement parts unmerchantable.

33.     The Manufacturer failed to adequately remedy the defects in the 2019
DB11; and the 2019 DB11 continued to be in an unmerchantable condition at the time
of revocation.

34.     Defendant's breach of an implied warranty of merchantability has caused
damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.     Declaring acceptance has been properly revoked and for damages
incurred in revoking acceptance;

8

B.      For damages caused by the breach of an implied warranty;

C.      For a refund of the purchase price paid and finance charges by Plaintiff for the 2019 DB11;

D.      To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

E.      Plaintiff's return of the vehicle for a refund to Defendant under <u>Davis v Forest River</u>, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

F.      For consequential, incidental and actual damages;

G.      Costs, interest and attorneys' fees; and

H.      Such other relief this Court deems appropriate.

## COUNT III
## BREACH OF CONTRACT

35.      Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 34 as though herein fully restated and realleged.

36.      Written warranties and implied warranties accompanied the sale of the 2019 DB11 to Plaintiff.   Written warranties provided the Defendant would repair or adjust all parts (except tires) found to be defective in factory-supplied materials or workmanship.

37.      Additionally, each time the vehicle was serviced by a manufacturer authorized repair facility, the Defendant provided a warranty that the repairs were properly performed and merchantable parts were used.

9

38.    The warranties given by the Manufacturer at the time of sale and the vehicles subsequent servicing created a contractual relationship between the Manufacturer and Plaintiff.

39.    The Manufacturer has breached its contractual obligations to Plaintiff in that it has failed to properly repair or adjust defective parts covered under the written warranty within a reasonable time.

40.    The Manufacturer has breached its contractual obligations to Plaintiff in that it has failed to properly provide a merchantable vehicle at the time of sale and/or has failed to provided merchantable replacement parts during the vehicles subsequent servicing.

41.    Plaintiff has been damaged by Defendant's breach of contractual obligations to Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.    Damages incurred by Plaintiff created by Defendant's breach of contract, including all monies paid for the purchase of the 2019 DB11;

B.    For return of an amount equal to Plaintiff's down payment and all payments made by Plaintiff to the Defendant;

C.    For incidental, consequential, and actual damages;

D.    To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

E.    Plaintiff's return of the vehicle for a refund to Defendant under Davis v Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

10

F.     For all damages caused by a Defendant's breach of its contractual

obligation to Plaintiff.

G.     For costs and expenses, interest, and attorneys' fees; and

H.     Such other relief this Court deems appropriate.

## COUNT IV
## BREACH OF WRITTEN WARRANTY UNDER
## MAGNUSON-MOSS WARRANTY ACT

42.     Plaintiff incorporates herein by reference each and every allegation

contained in Paragraphs 1 through 41 as though herein fully restated and realleged.

43.     Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act

(hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

44.     The Manufacturer is a "supplier" and "warrantor" as defined by the

Warranty Act, 15 USC 2301(4) and (5).

45.     The 2019 DB11 and the replacement parts are "consumer products" as

defined in the Warranty Act, 15 USC 2301(1).

46.     The 2019 DB11 was manufactured, sold and purchased after July 4, 1975.

47.     The written warranties given by the Manufacturer pertaining to the 2019

DB11 are "written warranties" as defined in the Warranty Act, 15 USC 2301(6).

48.     The above-described actions, (including, but not limited to, failure to honor

the written warranty, failure to properly repair the vehicle and/or failure repair the above-

mentioned defects within a reasonable amount of time, etc.), constitute a breach of the

written warranty by the Manufacturer actionable under the Warranty Act, 15 USC

2310(d)(1) and (2).

11

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.      Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.      For a refund of the purchase price paid and finance charges by Plaintiff for the 2019 DB11;

C.      To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

D.      For all damages caused by Defendant's breach of written warranty;

E.      Plaintiff's return of the vehicle for a refund to Defendant under Davis v Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

F.      For consequential, incidental and damages;

G.      For costs, interest and attorneys' fees; and

H.      Such other relief this Court deems appropriate.

## COUNT V
## REVOCATION OF ACCEPTANCE

49.     Plaintiff incorporates herein by reference each and every allegation contained in Paragraphs 1 through 48 as though herein fully restated and realleged.

50.     Plaintiff accepted the 2019 DB11 without discovering the above defects and/or nonconformities due to the fact Plaintiff was reasonably induced to accept the vehicle by the difficulty of discovery of the above defects and/or nonconformities.

51.     In the alternative, Plaintiff reasonably assumed, and Manufacturer represented, that all of the aforesaid defects and/or nonconformities would be cured within a reasonable time.

12

52.     After numerous attempts by Defendant to cure, it has become apparent the defects and/or nonconformities could not be seasonably cured.

53.     The nonconformities and/or defects substantially impaired the value of the 2019 DB11 to the Plaintiff.

54.     Plaintiff had previously notified Manufacturer of the defects and/or nonconformities and Plaintiff's intent to revoke acceptance pursuant to MCLA 440.2608; MSA 19.2608 and demanded the refund of his purchase price for the 2019 DB11 and out-of-pocket expenses. (Including, but not limited to, Plaintiff's letter attached as Exhibit C).

55.     Manufacturer has nevertheless refused to accept return of the 2019 DB11 and has refused to refund any part of the sum equal to the purchase price and out-of-pocket expenses incurred by Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.     Declaring acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance;

B.     For a refund of the purchase price paid and finance charges by Plaintiff for the 2019 DB11;

C.     To cancel Plaintiff's retail installment contract and pay off the balance of the contract;

D.     For consequential, incidental and actual damages;

E.     Plaintiff's return of the vehicle for a refund to Defendant under Davis v Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

13

F.      Costs, interest and attorneys' fees; and

G.      Such other relief this Court deems appropriate.

### COUNT VI
### BREACH OF IMPLIED WARRANTY UNDER
### MAGNUSON-MOSS WARRANTY ACT

56.     Plaintiff incorporates herein by reference each and every allegation
contained in Paragraphs 1 through 55 as though herein fully stated and realleged.

57.     The above-described actions on the part of the Manufacturer constitute a
breach of the implied warranties of merchantability actionable under the Warranty Act,
15 USC 2301(7), 2308, 2310(d)(1) and (2).

WHEREFORE, Plaintiff prays for judgment against Defendant:

A.      Declaring acceptance has been properly revoked by Plaintiff and for
damages incurred in revoking acceptance;

B.      For a refund of the purchase price paid and finance charges by Plaintiff for
the 2019 DB11;

C.      To cancel Plaintiff's retail installment contract and pay off the balance of
the contract;

D.      For all damages caused by the breach of an implied warranty;

E.      Plaintiff's return of the vehicle for a refund to Defendant under Davis v
Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

F.      For consequential, incidental and actual damages;

G.      For costs, interest and attorneys' fees; and

H.      Such other relief this Court deems appropriate.

## COUNT VII
## RESCISSION OF CONTRACT

58.    Plaintiff incorporates herein by reference each and every allegation
contained in Paragraphs 1 through 57 as though herein fully restated and realleged.

59.    Written warranties and implied warranties accompanied the delivery of the
2019 DB11 to Plaintiff.   The written warranties provided that the Defendant would
repair or adjust all parts (except tires) found to be defective in factory-supplied materials
or workmanship.

60.    The sale of the vehicle and the written warranty, given by the
Manufacturer and created a contractual relationship between the Manufacturer and
Plaintiff.

61.    The Manufacturer has breached the written warranty contract obligations
in that it has failed to repair or adjust defective parts covered under the limited warranty,
has failed to do the same within the limited warranty coverage period, and within a
reasonable time.

62.    The Manufacturer has breached the implied warranty
obligations in that it has failed to provide a merchantable vehicle to Plaintiff.

63.    The Manufacturer's breaches of obligations owed to Plaintiff have resulted
in a failure of consideration justifying rescission of contract.

64.    Without a judicial declaration that the contract has been rescinded,
Plaintiff will suffer irreparable and substantial harm if the consideration paid by Plaintiff
and damages sustained by Plaintiff, together with interest, are not restored.

15

WHEREFORE, Plaintiff prays for judgment and the following relief against Defendant:

A.      That this Court order a rescission of the sale contract by having the Defendant refund all monies paid by Plaintiff, terminate the sale contract, requiring Defendant to pay off the balance of the contract and all termination fees, and allowing Plaintiff to return the 2019 DB11 to the Defendant;

B.      For damages incurred by Plaintiff created by Defendant's breach of contract, including, but not limited to all monies paid or amounts owed under the sale of the 2019 DB11;

C.      For return of an amount equal to Plaintiff's down payment and all payments made by Plaintiff under the sale;

D.      For termination of the sale contract, requiring Defendant to pay off the balance of the contract and all termination fees;

E.      Plaintiff's return of the vehicle for a refund to Defendant under Davis v Forest River, 485 Mich 941 (2009), and for damages incurred in revoking acceptance;

F.      For incidental, consequential, exemplary and actual damages;

G.      For costs and expenses, interest, and attorneys' fees;

H.      To rescind the contract; and

I.      Such other equitable relief this Court deems appropriate.

16

Respectfully submitted,

CONSUMER LEGAL SERVICES, P.C.


By: _____
CONSUMER LEGAL SERVICES, P.C.
STEVEN S. TOTH P-44487
RONALD J. BOLZ P-43897
CHRISTOPHER A. WINKLER P-57431
TRAVIS L. SHACKELFORD P-68710
STEVEN S. TOTH JR P-83678
Attorneys for Plaintiff
30928 Ford Road
Garden City, MI   48135
(734) 261-4700

Dated: October 28, 2025

17

# Exhibit A

**S SUBURBAN**
SUBURBAN EXOTICS
1755 MAPLELAWN DR
TROY, MI 48084

**VEHICLE PURCHASER AGREEMENT**

DEAL# 17381
CUST# 1004773
STK# F32980
New ☐ Used ☒ Demo ☐ Other ☐

Dealer Name:

The dealer agrees to sell and the buyer(s) agree to purchase the vehicle described below. This is subject to the terms and conditions below and on the reverse side.

| DATE | 04/14/2023 | DEAL # | 17381 | | |
|------|------------|--------|-------|---|---|
| STOCK # | F32980 | CUSTOMER # | 1004773 | SALES | Julio C Gonzalez |
| Buyer's Name | MOHANAD SUEDE | | | Co-Buyer's Name | N/A |

E-Mail Address msuede87@gmail.com

| Year | Make | Model | Body Type | Vehicle Identification Number | Color | Mileage |
|------|------|-------|-----------|-------------------------------|-------|---------|
| 2019 | ASTON MARTIN | DB11 V8 VOLANTE | CONV | SCFRMFCWXKGM06748 | SILVER BLONDE | 14129 |

**MISC.** — **PURCHASE AGREEMENT INFORMATION**

IN-SERVICE DATE 07/23/19
INCLUDES 1 YR ASTON MARTIN
CERTIFIED PREOWNED
WARRANTY

| | | |
|---|---|---|
| Selling Price | $ | 120000.00 |
| Document Fee | + | 260.00 |
| Electronic Filing Fee | + | 24.00 |
| Dealer-Installed Accessories and Options | + | N/A |
| | + | N/A |
| | + | N/A |

**TRADE-IN INFORMATION** (SEE PARAGRAPHS 3 & 4 ON REVERSE SIDE)

Year: N/A  Make/Model: N/A  Body: N/A

License Plate: N/A  Expiration Date: _____

VIN: N/A  Mileage: N/A

Lien Holder: _____ Balance Due: N/A

Good Until Date: _____ Quoted By: _____

| | | |
|---|---|---|
| RECON EXPENSE | + | 299.00 |
| | + | N/A |
| Total Taxable Price | = | 120583.00 |
| Sales Tax | + | 7234.98 |
| Title Fee | + | 15.00 |
| License Fee | + | 658.00 |
| Nontaxable Options | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |
| | + | N/A |

**IMPORTANT BUYER INFORMATION**

1. Any warranties from a Manufacturer or supplier, including warranties on any Dealer-installed Non-Manufacturer accessories, are theirs, not Dealer's and only such Manufacturer or other supplier will be liable for performance under those warranties. All goods, services and Vehicles sold by Dealer are sold "AS IS". (SEE PARAGRAPH 11 ON REVERSE SIDE). This disclaimer in no way affects the Manufacturer's Vehicle Warranty.
2. If this is a credit sale, this Agreement is not binding on the Buyer, and the Buyer can cancel it and recover the deposit, until Buyer receives a document containing the required financial disclosures.
3. The annual percentage rate for a credit sale may be negotiable with the Dealer. The Dealer may assign this contract and retain its right to receive a part of the finance charge.
4. The salesperson has no authority to make, and Dealer shall not be bound by, any promises or representations unless they are written on this agreement and approved by Dealer's authorized representative.
5. Unless otherwise noted, the Buyer listed as Buyer "A" will be the registered owner of the Vehicle.
6. The installment contract or other document signed by the Buyer may require the Buyer to submit claims arising from or related to the purchase or financing of the Vehicle to binding arbitration.
7. Any claim or lawsuit arising out of the purchase of the Vehicle against the Dealer by the Buyer must be filed no more than 365 days after the date of the delivery of the Vehicle. (SEE PARAGRAPH 15 ON REVERSE SIDE).

| | | |
|---|---|---|
| Total Delivered Price | = | 128490.98 |
| Cash of Deposit | - | N/A |
| Cash Due Upon Financing | - | N/A |
| Rebate(s)/Other | - | N/A |
| Gross Trade-In Value Vehicle(s) | - | N/A |
| Payoff(s) | + | N/A |
| Unpaid Balance Due | = | 128490.98 |

**DOCUMENT FEE**

A document fee is regulated by the state and is charged to the Buyer for handling documents relating to the sale.

| | | | |
|---|---|---|---|
| Term of Loan | | | |
| Interest Rate | 0.00 | Payment | 128490.98 |

**INSURANCE INFORMATION**

Name: _____

Address: _____

City: _____ State: _____ Zip: _____

Policy No.: _____ Expiration Date: _____

Agent's Name: _____

Phone No.: _____ Fax No.: _____

**INSURANCE NOTICE CONCERNING INSURANCE**

Buyer(s) must have insurance for liability for injury to person or damage to property of others in order to take title to the Vehicle. Buyer(s) Note: Neither accident and health insurance nor credit life insurance provide property coverage. If this is a credit sale, Buyer is required to maintain collision insurance on the Vehicle during the term of the finance contract. A Buyer may not be eligible for either credit life insurance or accident and health insurance. Buyer is not required to obtain either accident and health insurance or credit life insurance. Buyer may choose the agent from which said insurance will be obtained.

**BUYER'S REPRESENTATIONS**

I have read the material printed on the back hereof, and I understand and agree to it as part of this Agreement, as if it were printed above my signature. I understand that the front and back of this Agreement comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I also certify that no credit has been either extended by Dealer or arranged by Dealer for the cash down payment unless is appears in writing on the face of this Agreement. I certify that I am at least 18 years old and acknowledge receipt of a copy of this Agreement.

Buyer (A)
Signed X_____ Date: 04/14/2023

Buyer (B)
Signed X_____ N/A Date: N/A

This Agreement is not binding until Dealer's Authorized representative signs here.

Dealer
Signed X_____ Date: 04/14/2023

THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL. The Suburban Collection
102857*1*TRYEXO-FI

## ADDITIONAL TERMS AND CONDITIONS

The Agreement on the reverse side hereof includes the following terms and conditions:

**1.   DEFINITIONS AND RELATIONSHIP:** As used in this Agreement, the term "Manufacturer" means the company that manufactured the Vehicle or chassis. The Dealer is not the agent of Manufacturer. Dealer and Buyer are the only parties to this Agreement. Reference to Manufacturer is for the purpose of explaining generally certain contractual relationships between Dealer and Manufacturer regarding new vehicles.

**2.   PRICE CHANGES:** Manufacturer has reserved the right to change the price to Dealer of new vehicles without notice. In the event the price to Dealer of new vehicles of the series and body type hereby ordered is changed by Manufacturer prior to delivery of the Vehicle ordered by Buyer, Dealer reserves the right to change the total delivered price of the Vehicle to Buyer. If such total delivered price is increased by Dealer, Buyer may, if dissatisfied, cancel this Agreement. In that event, if a Vehicle has been traded in as a part of the consideration for the new Vehicle, it shall be returned to Buyer upon payment of a reasonable charge for storage and repairs (if any) or, if the trade-in Vehicle has been previously sold by Dealer, the amount received from the sale, less a selling commission of 15% and any expenses incurred in storing, insuring, conditioning or advertising the trade-in Vehicle for sale, will be returned to Buyer.

**3.   TRADE-IN REAPPRAISAL:** If a Vehicle to be traded in as a part of the down payment for the Vehicle ordered by Buyer is not delivered to Dealer until delivery to Buyer of the ordered Vehicle, the trade-in Vehicle will be reappraised at that time, and such reappraised value will determine the allowance made for the trade-in Vehicle. If the reappraised value is lower than the original trade-in allowance shown on the front of this Agreement, Buyer may, if dissatisfied, cancel this Agreement, provided, however, that the right to cancel must be exercised prior to both the delivery to Buyer of the Vehicle ordered and the surrender of the trade-in Vehicle to Dealer.

**4.   EVIDENCE OF TITLE FOR TRADE-IN:** Buyer agrees to deliver to Dealer the original certificate of title or evidence of unrestricted title to any Vehicle traded in as a part of the down payment for the Vehicle ordered. Buyer warrants and represents any trade-in Vehicle to be Buyer's property free and clear of all liens, encumbrances or clouds to title, except as otherwise noted on the front of this Agreement. Buyer warrants and represents that any known damage that would adversely affect the value and/or safety of the trade-in Vehicle has been disclosed to the Dealer. The Buyer further warrants and represents that the odometer of the Vehicle traded in as part of the Vehicle Agreement was not altered or tampered with prior to its transfer to the Dealer.

**5.   COLOR OR EQUIPMENT CHANGE:** If the Vehicle ordered is received by Dealer with a different color or equipment, Buyer will be notified. If Dealer and Buyer reach an agreement as to purchase of the Vehicle, a new Agreement shall be completed by Dealer and Buyer covering the Vehicle received; and the new Agreement will take the place of this Agreement and this Agreement will be null and void.

**6.   DESIGN CHANGES:** Manufacturer has reserved the right to change the design of any new Vehicle, chassis, accessory or part at any time without notice, without the obligation to make the same or any similar change upon any Vehicle, chassis, accessory or part previously purchased by or shipped to Dealer or being manufactured or sold in accordance with Dealer's orders. In the event of any such change by Manufacturer, Dealer has no obligation to Buyer to make the same or any similar change in any Vehicle, chassis, accessory or part covered by this Agreement, either before or after delivery to Buyer.

**7.   BUYER DEFAULT:** Unless this Agreement is canceled by Buyer in accordance with the provisions of Paragraph 2, 3, 5, or 6 above, Dealer has the right, upon failure or refusal of Buyer to accept delivery of the Vehicle ordered and to comply with the terms of this Agreement, to retain, as liquidated damages, any cash deposit made by Buyer and, in the event a vehicle has been traded in as a part of the down payment for the Vehicle ordered, to sell such trade-in vehicle and reimburse itself from the proceeds of such sale for the expenses specified in Paragraph 2 above, and for such other expenses and losses as Dealer may incur or suffer as a result of such failure or refusal by Buyer.

**8.   DELIVERY LIABILITY LIMITATION:** Dealer will not be liable for failure to deliver or delay in delivering the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Dealer. Buyer agrees that Buyer is not entitled to recover from Dealer any consequential damages; damages to property; damages for the loss of use of the Vehicle; loss of time; loss of profits or income; or any other incidental damages which may result from failure to deliver or delay in delivery of the Vehicle where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Dealer, including, but not limited to, Manufacturer's failure to produce or deliver the Vehicle.

**9.   TAXES:** The price for the Vehicle ordered does not include sales, use, excise or other taxes (Federal, State of Local). Buyer assumes and agrees to pay, unless prohibited by law, any such taxes imposed on or applicable to the transaction covered by this Agreement, regardless of which party may have primary tax liability.

**10.   INSURANCE UNAVAILABILITY:** If a charge for either credit life or accident and health insurance is included in any installment sales contract signed by the parties in conjunction with this Agreement, and, if such insurance is either wholly or partially unavailable to Buyer, the charge or applicable portion for such wholly or partially unavailable insurance will be deducted from any remaining contract balance and credited to Buyer. However, such whole or partial unavailability will not affect the rest of this Agreement; and this Agreement and any installment sales contract executed in conjunction with this Agreement shall remain in full force and effect.

**11.   WARRANTY DISCLAIMER:**
     A.   IN THE EVENT THE VEHICLE IS EITHER A NEW VEHICLE, DEMONSTRATOR OR A USED VEHICLE STILL SUBJECT TO A MANUFACTURER'S WARRANTY, **DEALER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS AND IMPLIED (INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE) ON THE VEHICLE.** FURTHER, DEALER NEITHER MAKES NOR AUTHORIZES ANY OTHER PERSON TO MAKE ON DEALER'S BEHALF, ANY WARRANTY IN CONJUNCTION WITH THE SALE OF THE VEHICLE. AS TO ANY MANUFACTURER'S WARRANTY EXTENDED TO BUYER BY MANUFACTURER, DEALER SPECIFICALLY DISCLAIMS ANY LIABILITY THEREUNDER, SUCH MANUFACTURER'S WARRANTY BEING BETWEEN BUYER AND MANUFACTURER ONLY.
     B.   UNLESS A SEPARATE WRITTEN INSTRUMENT SHOWING THE TERMS OF ANY DEALER WARRANTY OR SERVICE CONTRACT IS FURNISHED BY DEALER TO BUYER, THIS VEHICLE IS SOLD "AS IS", AND THE DEALER DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.
     C.   IN THE EVENT THE VEHICLE IS A USED VEHICLE, THE INFORMATION ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THIS AGREEMENT.

**12.   DAMAGE DISCLOSURE:**
     A.  NEW VEHICLE, DEMONSTRATOR, EXECUTIVE OR MANUFACTURER'S VEHICLE OR PROGRAM VEHICLE. Damage to a new vehicle (including to all mechanical components, electrical components, sheet metal, paint, trim, or other appearance items) may occur either at the factory during assembly, while the vehicle is being transported to Dealer, or while in Dealer's possession awaiting sale. Normally, any damage which occurs during assembly is detected and corrected at the factory during the inspection process. Damage which has been repaired by the Manufacturer prior to delivery to Dealer, since generally unknown to Dealer, will not be disclosed.
     This Dealer follows the Michigan law which sets forth the following damage disclosure for a new motor vehicle, demonstrator, executive or Manufacturer's vehicle or program vehicle:
     Any damage which Dealer has corrected by replacing glass, tires, wheels, bumpers, audio equipment, and in-dash components with the original Manufacturer's parts and material will not be disclosed. All other repairs made after delivery by the Manufacturer of the Vehicle, known by the Dealer which exceed in the aggregate five percent (5%) of the Manufacturer's Suggested Retail Price of the Vehicle (as measure by a claim reimbursement, if any, made by the Dealer to the Manufacturer for repairs) will be disclosed to Buyer. Further, any damage or repair of Seven Hundred Fifty ($750.00) Dollars or more in surface coating repairs or corrosion protection restoration, or the combination thereof, will be disclosed to the Buyer.
     B.  USED VEHICLES: Since a used Vehicle has been subject to use, the Vehicle may have been subject to repairs for mechanical reasons or to enhance appearance for sale. Such repairs may include body bumping and painting of the Vehicle. Buyer has the right to inspect the Vehicle as Dealer has no knowledge as to what may be deemed material to Buyer. Dealer generally lacks knowledge of all prior repairs. **Dealer makes no representations as to former damage** or whether the Vehicle was in a prior accident, had frame or unibody damage or incurred any other damage that would affect the condition of the vehicle or its value.

**13.   ODOMETER DISCLAIMER:** The mileage shown on the odometer of the Vehicle sold is believed by Dealer to be the actual mileage of the Vehicle unless otherwise disclosed. **However, Dealer makes no warranties or representations** as to the actual mileage that the Vehicle has been driven, and expressly disclaims any liability for damages which may be asserted by Buyer, or Buyer's transferees or assigns, in the event the mileage shown is incorrect.

**14.   OTHER DOCUMENTS:** The Buyer, before or at the time of delivery of the Vehicle, will sign such other documents as may be required by the terms and conditions of payment indicated on the front of this Agreement.

**15.   LIMITATIONS ON TIME PERIOD IN WHICH BUYER CAN FILE A LAWSUIT AGAINST THE DEALER:** Buyer agrees that any claim or lawsuit arising out of the purchase of a vehicle against the Dealer must be filed within no more than 365 days after the date of the delivery of the Vehicle. While Buyer understands that the statute of limitations for claims arising out of the purchase of the vehicle may be longer than 365 days, Buyer agrees to be bound by the 365 period of limitations as set forth herein, and BUYER WAIVES ANY STATUTE OF LIMITATIONS TO THE CONTRARY.

**16.   SAVINGS CLAUSE, GOVERNING LAW AND VENUE:** Any provisions of this Agreement prohibited by Michigan or Federal Law will be ineffective to the extent of such prohibition, but shall not invalidate the remaining provisions of this Agreement. This Agreement shall be governed by the laws of the State of Michigan, and Buyer agrees that the state court of the county in which the Dealer is located shall be the court of exclusive jurisdiction and venue with respect to any disputes arising from or related to this Agreement.

The Suburban Collection



102657*1*TRYEXO-FI

# Exhibit B

```
10/21/2025                    HISTORY LISTING
11:29:13                                                      PAGE 1
-----------------------------------------------------------------------
CUSTOMER NAME : MOHANAD SUEDE          SERIAL NO.  : SCFRMFCWXKGM06748
-----------------------------------------------------------------------
R.O NO. : 5203        R.O DATE : 03/13/2025      R.O TYPE : S
                      MILEAGE  : 29563           ADVISOR NO. : 04771

JOB NUMBER : 1   OPERATION 03ASZENGINE1    OP. DESC. ENGINE
SALE TYPE  : C   TECHNICIAN NO(S).  5307
COMPLAINT  : C/S Check engine light is on.
CORRECTION : Scanned vehicle and found codes for misfires. Noticed smell
             of coolant. Re-advised in spotlight case. Released vehicle
             to customer.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
R.O NO. : 5168        R.O DATE : 12/10/2024      R.O TYPE : S
                      MILEAGE  : 29115           ADVISOR NO. : 04771

JOB NUMBER : 1   OPERATION 03ASZENGINE     OP. DESC. ENGINE
SALE TYPE  : C   TECHNICIAN NO(S).  5307
COMPLAINT  : C/S Check engine light is on.
CORRECTION : Could not duplicate customer concern. Customer picked up his
             vehicle.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
R.O NO. : 5134        R.O DATE : 11/12/2024      R.O TYPE : S
                      MILEAGE  : 5951            ADVISOR NO. : 04771

JOB NUMBER : 1   OPERATION 03ASZENGINE     OP. DESC. ENGINE
SALE TYPE  : C   TECHNICIAN NO(S).  5307
COMPLAINT  : C/S Check engine light is on.
CAUSE      : SPARK PLUGS INSTALLED BY AFTERMARKET SHOP WERE LEFT LOOSE.
CORRECTION : REMOVED COIL PACKS AND SPARK PLUGS ASSESSED THEM FOR DAMAGE
             AND INSTALLED THEM TORQUED THEM TO 22NM PER ASTON MARTIN.
             PERFROMED MISFIRE RELEARN AND CLEARED CODES. TEST DROVE
             VEHICLE AND NO CODES CAME BACK.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
R.O NO. : 5115        R.O DATE : 10/16/2024      R.O TYPE : S
                      MILEAGE  : 5621            ADVISOR NO. : 04771

JOB NUMBER : 1   OPERATION 06ASZ           OP. DESC. ELECTRICAL
SALE TYPE  : C   TECHNICIAN NO(S).  5307
COMPLAINT  : C/S Check engine light is on
CAUSE      : RANDOM MULTIPLE MISFIRE CODE WAS STORED IN THE SYSTEM.
             1.5 HRS.
CORRECTION : PERFORMED MISFIRE RELEARN PROCEDURE. TEST DROVE VEHICLE
             MULTIPLE TIMES AND NO CODES RETURNED, ADVISED CUSTOMER THIS
             IS A STARTING POINT IF VEHICLE CHECK ENGINE LIGHT IS TO COME
             BACK ON TO BRING BACK IN AND WE WILL RE-ADVISE IF COMPONENTS
             NEED TO BE REPLACED.
```

```
10/21/2025                    HISTORY LISTING
11:29:13                                                          PAGE 2
--------------------------------------------------------------------------

JOB NUMBER : 2   OPERATION 07ASZ          OP. DESC. INTERIOR TRIM
SALE TYPE  : C   TECHNICIAN NO(S). 5307
COMPLAINT  : C/S Speaker cover is loose and rattling causing noise
CORRECTION : QUOTED OUT PART AND LABOR FOR FIX.

JOB NUMBER : 3   OPERATION 06ASZELECTRIC2  OP. DESC. ELECTRICAL
SALE TYPE  : C   TECHNICIAN NO(S). 5307
COMPLAINT  : C/S His garage door opener is inop. Please check and advise.
CORRECTION : PROVIDED CUSTOMER WITH ASTON MARTIN DIRECTIONS TO PROGRAM
             THE GARAGE DOOR OPENER TO HIS GARAGE.


COMMENTS   : - Coming in at 4pm

--------------------------------------------------------------------------
R.O NO. : 5031        R.O DATE : 06/10/2024      R.O TYPE : S
                      MILEAGE  : 25133           ADVISOR NO. : 106

JOB NUMBER : 1   OPERATION 03ASZ          OP. DESC. ENGINE
SALE TYPE  : C   TECHNICIAN NO(S). 32062
COMPLAINT  : CEL CAME ON SOLID AND WENT OFF WITH NO DRIVABILITY ISSUES. A
             FEW DAYS LATER CEL CAME ON FLASHING AND HAD POOR
             ACCELEARTION. CHECK AND ADVISE. WILL BE TOWED IN.
CAUSE      : MULTI MISFIRE CYL 1,3,7.
CORRECTION : RECOMMEND NEW SPARK PLUGS. CUSTOMER DECLINED AT THIS TIME.

JOB NUMBER : 2   OPERATION 07ASZINTRIM1    OP. DESC. INTERIOR TRIM
SALE TYPE  : C   TECHNICIAN NO(S). 32062
COMPLAINT  : C/S SUBWOOFER IN REAR SEATS IS RATTLING. SUBWOOFER
             PREVIOUSLY REPLACED FOR THIS CONCERN. CHECK AND ADVISE.
CAUSE      : Found subwoofer internal failure
CORRECTION : Recommend new subwoofer replacement.


--------------------------------------------------------------------------
R.O NO. : 338032A     R.O DATE : 03/27/2024      R.O TYPE : S
                      MILEAGE  : 23274           ADVISOR NO. : 999

JOB NUMBER : 1   OPERATION 70AS           OP. DESC.
SALE TYPE  : C   TECHNICIAN NO(S). 999
COMPLAINT  : CUSTOMER STATES THERE IS A RATTLING/BUZZING SOUNDS COMING
             FROM THE CENTER SPEAKER IN THE BACK SEAT OF THE VEHICLE.
             CHECK AND ADVISE.
CAUSE      : Part Number        Description          List     Qty
             ------------------ -------------------- -------- ----
             VOKY63-18808-BA    PREM SUBWOOFER        834.88   1
CORRECTION : INTERIOR TRIM: 23274 SUBWOOFER INTERNAL FAULT VERIFIED
             CONCERN ISOLATED SUBWOOFER AND FOUND TO HAVE INTERNAL FAULT
             REPLACED SUBWOOFER WITH NEW AND RETESTED ALL IS O.K. AFTER
             REPAIRS --> Labor $413.40 Parts $834.88 Misc $0.00 Hours
             2.60
```

```
10/21/2025                      HISTORY LISTING
11:29:13                                                          PAGE 3
------------------------------------------------------------------------------

JOB NUMBER : 2    OPERATION 19BEZZLOANERAS    OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : ENTERPRISE CTA LOANER CAR
CORRECTION : CTA LOANER CAR: 23274 ENTERPRISE CTA LOANER CAR ENTERPRISE
             CTA LOANER CAR --> Labor $0.00 Parts $0.00 Misc $0.00 Hours
             0.00

JOB NUMBER : 3    OPERATION 9999AS             OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  99
COMPLAINT  : ENTERPRISE CTA LOANER CAR
CORRECTION : ENTERPRISE RENTAL VEHICLE RA #3NSNV8 PO #10936 --> Labor
             $0.00 Parts $0.00 Misc $ Hours 0.00

JOB NUMBER : 4    OPERATION PDELAS             OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
CAUSE      : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
CORRECTION : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.: 23274
             CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
             CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION. -->
             Labor $0.00 Parts $0.00 Misc $ Hours 0.00


COMMENTS   : 3/19/24 4:28PM - NOTIFIED CUSTOMER SUBWOOFER SH OWED UP
             TODAY GAVE CUSTOMER $1,000 1 OR TWO YEAR WARRANTY AT $6,500
             FOR 1YR WARRANTY OR $11,000 FOR 2YR WARR ANTY. ALSO STATED
             THE $2,700 MAINTENANCE AND $7 00 INSPECTION WILL NEED TO BE
             PERFORMED BY US B EFORE THE WARRANTY CAN BE APPLIE TO THE
             VEHICLE . CUSTOMER DECLINED BOTH AT THIS TIME. ALSO REM
             INDED CUSTOMER HIS EXTENDED WARRANTY EXPIRES 4/ 19/2024

------------------------------------------------------------------------------
R.O NO. : 337680A     R.O DATE : 02/07/2024      R.O TYPE : S
                      MILEAGE  : 22696           ADVISOR NO. : 999

JOB NUMBER : 1    OPERATION 70AS                OP. DESC.
SALE TYPE  : W    TECHNICIAN NO(S).  999
COMPLAINT  : PER REQUEST PRIOR TO PURCHASE OF VEHICLE, REPLACE ALL
             INCLUDED INTERIOR DASH PANELS.
CAUSE      : dash upper and both CENTER STACK SIDES 24.0 HRS
             Part Number          Description              List     Qty
             --------------------  ------------------------ -------- ----
             VOHY53-04790-BDW      IP UPPR MAIN ASSY LH     1202.00    1
             VOHY53-045A02-ABW     IP CLS BZL TP TR         1070.22    1
             VOHY53-24404-BDW      MID IP CENT STACK RH     1150.00    1
             VOHY53-24405-BDW      MID IP CTR STK SWTCH      826.28    1
```

```
10/21/2025                    HISTORY LISTING
11:29:13                                                      PAGE 4
-----------------------------------------------------------------------
CORRECTION : INTERIOR TRIM: 22696 DASH UPPER AND BOTH CENTER STACK SIDES
             24.0 HRS REMOVED DASH AND REPLACED UPPER PANEL AND BOTH
             CENTER STACK SIDES WITH NEW AND REINSTALLED CLEARED FAULTS
             AND TEST DROVE SEVERAL TIMES. SPOTLIGHT CASE WW# 122800
             $4250 PARTS ONLY GOODWILL. --> Labor $0.00 Parts $4248.50
             Misc $0.00 Hours 0.00

WARRANTY   : CLAIM NO.   OPERATION NO.   CLAIM NO.   OPERATION NO.
             337680A     70AS

JOB NUMBER : 2   OPERATION 70AS              OP. DESC.
SALE TYPE  : I   TECHNICIAN NO(S).  999
COMPLAINT  : INTERNAL LABOR TO INSTALL PARTS ON LINE A NOT COVERED BY
             WARRANTY.
CORRECTION : INTERIOR TRIM: 22696 DASH COVER AND BOTH SIDE CENTER STACK
             PARTS WITH IP TOP COVER PEELING REMOVED DASH AND REPLACED
             UPPER PANEL AND BOTH CENTER STACK SIDES WITH NEW AND
             REINSTALLED CLEARED FAULTS AND TEST DROVE SEVERAL TIMES -->
             Labor $3936.00 Parts $0.00 Misc $0.00 Hours 24.00

JOB NUMBER : 3   OPERATION 19BEZZLOANERAS    OP. DESC.
SALE TYPE  : I   TECHNICIAN NO(S).  999
COMPLAINT  : MASERATI QP SERVICE LOANER CAR
CORRECTION : CTA LOANER CAR: 22696 MASERATI QP SERVICE LOANER CAR
             MASERATI QP SERVICE LOANER CAR --> Labor $0.00 Parts $0.00
             Misc $ Hours 0.00


COMMENTS   : 2/1/24 - CUSTOMER DECLINED 3YR MAINTENANCE VIA TEXT. BILL
             INTERNAL LABOR TO USED CAR DEPT.

-----------------------------------------------------------------------
R.O NO. : 337431A      R.O DATE : 01/05/2024     R.O TYPE : S
                       MILEAGE  : 22128          ADVISOR NO. : 999

JOB NUMBER : 1   OPERATION 70AS              OP. DESC.
SALE TYPE  : C   TECHNICIAN NO(S).  999
COMPLAINT  : CUSTOMER STATES THE BUTTON TO ADJUST THE CENTER CONSOLE
             POSITION IS INOP. CHECK AND ADVISE.
CAUSE      : Part Number       Description              List      Qty
             --------------    --------------------   --------   ----
             VOHY53-13D754-AD  ARST TRVL SWT BRIGHT     303.33     1
CORRECTION : INTERIOR TRIM: 22128 CENTER CONSOLE LID BUTTON INOP REPLACED
             CENTER CONSOLE LID BUTTON WITH NEW AND ALL IS O.K. --> Labor
             $79.50 Parts $303.33 Misc $0.00 Hours 0.50

JOB NUMBER : 2   OPERATION 9997AS            OP. DESC.
SALE TYPE  : C   TECHNICIAN NO(S).  99
COMPLAINT  : CUSTOMER STATES THE BUTTON TO ADJUST THE CENTER CONSOLE
             POSITION IS INOP. CHECK AND ADVISE.
CORRECTION : SHIPPING & HANDLING --> Labor $0.00 Parts $0.00 Misc $ Hours
             0.00
```

```
10/21/2025                      HISTORY LISTING
11:29:13                                                         PAGE 5
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOB NUMBER : 3    OPERATION PDELAS          OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).   999
COMPLAINT  : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
CAUSE      : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
CORRECTION : CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.: 22128
             CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION.
             CUSTOMER REQUESTED COURTESY PICKUP AND DELIVERY BY
             DEALERSHIP IN AN EFFORT OF GREAT CLIENT SATISFACTION. -->
             Labor $0.00 Parts $0.00 Misc $0.00 Hours 0.00


COMMENTS   : CLAIM ##6447090

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
R.O NO. : 336966A      R.O DATE : 10/16/2023      R.O TYPE : S
                       MILEAGE  : 21788           ADVISOR NO. : 999

JOB NUMBER : 1    OPERATION 70AS            OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).   999
COMPLAINT  : CUSTOMER STATES THE INTERIOR DASH PIECES NEED TO BE REPLACED
             PER PREVIOUS RO 320887
CORRECTION : INTERIOR TRIM: 21788 CUSTOMER TO RETURN AT LATER DATE
             CUSTOMER TO RETURN AT LATER DATE --> Labor $0.00 Parts $0.00
             Misc $0.00 Hours 0.00

JOB NUMBER : 2    OPERATION 70AS            OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).   999
COMPLAINT  : CUSTOMER STATES THE GLOVE BOX BUTTON DOES NOT OPEN THE GLOVE
             BOX.
CORRECTION : INTERIOR TRIM: 21788 PART ON ORDER PART ON ORDER --> Labor
             $0.00 Parts $0.00 Misc $ Hours 0.00

JOB NUMBER : 3    OPERATION 19BEZZLOANERAS    OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).   999
COMPLAINT  : ENTERPRISE CTA LOANER CAR
CORRECTION : CTA LOANER CAR: 21788 ENTERPRISE CTA LOANER CAR ENTERPRISE
             CTA LOANER CAR --> Labor $0.00 Parts $0.00 Misc $ Hours 0.00

JOB NUMBER : 4    OPERATION 9999AS          OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).   99
COMPLAINT  : ENTERPRISE CTA LOANER CAR
CORRECTION : ENTERPRISE RENTAL VEHICLE RA #2731QD --> Labor $0.00 Parts
             $0.00 Misc $ Hours 0.00
```

10/21/2025                          HISTORY LISTING
11:29:13                                                              PAGE 6
------------------------------------------------------------------------------
COMMENTS   : VEHICLE TO RETURN DURING SLOW SEASON DUE TO EXTENSIVE
             LENGTH OF JOB

------------------------------------------------------------------------------
R.O NO. : 335459A      R.O DATE : 04/20/2023       R.O TYPE : S
                       MILEAGE  : 14129            ADVISOR NO. : 999

JOB NUMBER : 1    OPERATION 11AS          OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : CUSTOMER STATES AFTER PUTTING THE TOP UP, THE WINDOW WOULD
             NOT ROLL UP FULLY. EVENTUALLY THE WINDOW WOULD ROLL UP, BUT
             ONCE THE DOOR WAS OPENED, THE WINDOW WOULD NOT ROLL DOWN TO
             CLEAR THE CONVERTIBLE TOP. CHECK AND ADVISE.
CAUSE      : Part Number        Description           List     Qty
             -------------------- --------------------- -------- ----
             VOHY53-C20571-AC     WSTR DR INR WST LH      392.98    1
CORRECTION : ELECTRICAL: 14129 WINDOW SEAL ON ORDER VERIFIED CONCERN
             FOUND WINDOW SEAL FOLDING IN ORDERED NEW. BACK ORDER. -->
             Labor $0.00 Parts $392.98 Misc $0.00 Hours 0.00

JOB NUMBER : 2    OPERATION 01AS          OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : PERFORM POST INSPECTION ON SOLD VEHICLE.
CORRECTION : MAINTENANCE: 14129 POST INSPECTION COMPLETED POST INSPECTION
             ALL IS O.K. --> Labor $0.00 Parts $0.00 Misc $ Hours 0.00


COMMENTS   : BILL TO STK #F32980 LABOR $410.00 CHARGE TO DEAL AND TO BE
             ADDED ON NEW REPAIR ORDER WHEN CUSTOMER RETURNS FOR REPA
             IRS.

------------------------------------------------------------------------------
R.O NO. : 320887A      R.O DATE : 02/10/2023       R.O TYPE : S
                       MILEAGE  : 14121            ADVISOR NO. : 999

JOB NUMBER : 1    OPERATION 17ASZAS        OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : PERFORM CPO INSPECTION.
CAUSE      : CPO
CORRECTION : USED CAR INSPECTION: CPO--- COMPLETED CPO INSPECTION FOUND
             REAR TIRES WORN, SERVICE DUE, DASH LEATHER PEELING,
             ALCANTARA MISSING SMALL PART, HOOD VENTS SLIGHTLY DISCOLORED
             SOME DRIVERS DOOR LEATHER NICKS REMOVED FRONT PLINTH -->
             Labor $636.00 Parts $0.00 Misc $ Hours 4.00

JOB NUMBER : 2    OPERATION 01ASZAS        OP. DESC.
SALE TYPE  : I    TECHNICIAN NO(S).  999
COMPLAINT  : DURING INSPECTION FOUND VEHICLE DUE FOR ROUTINE MAINTENANCE.
CAUSE      : 2ND SERVICE
             Part Number        Description           List     Qty
             -------------------- --------------------- -------- ----
             ZLNEWAMV8            DB11/ VANTAGE V8        0.00     1
             ZL19333112          CR 2032 BATTERY         5.13     2

```
------------------------------------------------------------------------------
            ZL9G33-M99C104-AA12- FLURESCEN                 15.00     1
            ZLJY53-SE6734-AA      SEAL RING                 6.41     1
            ZLJY53-SE6744-AA      OIL FILTER               51.66     1
            ZLPY112988PA          1L ENGINE OIL 0W4        13.50    10
            ZLHY53-SE13ZE1-AA     POLLEN FILTER            93.45     1
            ZL83532               BRAKE FLUID              37.89     2
            ZLR1234YF             R1234YF 100 GRAM         28.50     9
```
CORRECTION : MAINTENANCE: 2ND SERVICE--- COMPLETED 2ND SERVICE CHANGED
             ENGINE OIL AND FILTER INSPECTED VEHICLE ADJUSTED FLUID
             LEVELS AND TIRE PRESSURES FLUSHED BRAKE SYSTEM FLUID
             REPLACED CABIN FILTER CLEARED SERVICE INDICATOR TORQUED
             WHEELS COMPLETED OWNERS LITERATURE AND TEST DROVE --> Labor
             $1312.00 Parts $644.06 Misc $ Hours 8.00

JOB NUMBER : 3   OPERATION 01ASZZAS          OP. DESC.
SALE TYPE  : I   TECHNICIAN NO(S).  999
COMPLAINT  : DURING INSPECTION FOUND REAR TIRES WORN.
CAUSE      : REAR TIRES
             Part Number           Description           List     Qty
             -------------------- ------------------------ -------- ----
             ZL007025              295/35R20 BRI S007       558.00     2
CORRECTION : MAINTENANCE: REAR TIRES--- REPLACED REAR TIRES WITH NEW -->
             Labor $230.00 Parts $1116.00 Misc $ Hours 2.00

JOB NUMBER : 4   OPERATION 02ASZMAINTAS       OP. DESC.
SALE TYPE  : I   TECHNICIAN NO(S).  999
COMPLAINT  : DURING INSPECTION FOUND FRONT WIPERS STREAKING.
CAUSE      : WIPER BLADES
             Part Number           Description           List     Qty
             -------------------- ------------------------ -------- ----
             ZLKY63-37-10029       WIPER BLADE SET          177.35     1
CORRECTION : MAINTENANCE 2: WIPER BLADES--- REPLACED WIPER BLADES WITH
             NEW --> Labor $0.00 Parts $177.35 Misc $ Hours 0.00

JOB NUMBER : 5   OPERATION 12ASZAS           OP. DESC.
SALE TYPE  : I   TECHNICIAN NO(S).  999
COMPLAINT  : DURING INSPECTION FOUND DASHBOARD AIRBAG PANEL LEATHER
             PEELING AND DE-LAMINATING BEYOND REPAIR.
CAUSE      : PARTS ON ORDER PER ASTON LEATHER COVERAGE. ALL 4 ITEMS
             COVERED UNDER $4250 AT COST PER AM EMAIL AND BEN A APPROVAL
             TO ORDER. LABOR EST $3900 TO R/R FULL DASH AND LEATHER TO
             COMPLETE WHEN ARRIVES. PARTS ARE WARRANTY AND LABOR IS
             DEALERSHIP. PARTS ARE TO BE BILLED OUT AT DEALER COST ONLY
             PER PROGRAM GUIDELINES.
CORRECTION : TRIM MINOR DIAG: PARTS ON ORDER PER ASTON LEATHER COVERAGE.
             ALL 4 ITEMS COVERED UNDER $4250 AT COST PER AM EMAIL AND BEN
             A APPROVAL TO ORDER. LABOR EST $3900 TO R/R FULL DASH AND
             LEATHER TO COMPLETE WHEN ARRIVES. PARTS ARE WARRANTY AND
             LABOR IS DEALERSHIP. PARTS ARE TO BE BILLED OUT AT DEALER
             COST ONLY PER PROGRAM GUIDELINES.--- PARTS ON ORDER FULL
             DASH, BOTH SIDE PIECES OF CENTER CONSOLE AND IP COVER PIECE.
             2.10.2023 RJR. --> Labor $0.00 Parts $0.00 Misc $ Hours 0.00

10/21/2025                          HISTORY LISTING                          PAGE 8
11:29:13
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COMMENTS    : BILL TO STK #F32980 2.3.2023 2:02PM SNET PHOTOS OF DASH
              LEATHER TO B.A. APPROVED ORDERING AND REPLACING DASHBOARD
              ASSY AT DEALER COST, PART ONLY PER PROGRAM. RJR 2.3.2023.
              2/7/23 3:25PM - BOB D. APPROVED ALL 4 PIECES TO BE REPLACED
              ON DASHBOARD

# Exhibit C

RONALD J. BOLZ
CHRISTOPHER M. LOVASZ
STEVEN S. TOTH
CHRISTOPHER A. WINKLER
TRAVIS L. SHACKELFORD
STEVEN S. TOTH, JR.

# Consumer Legal Services, P.C.
## ATTORNEYS AND COUNSELORS

www.LemonAuto.com

30928 FORD ROAD
GARDEN CITY, MI 48135
(734) 261-4700
FAX (734) 261-4737

October 27, 2025

Aston Martin Lagonda of North America, Inc.
c/o The Corporation Company
40600 Ann Arbor Road E. Suite 201
Plymouth, MI 48170

**RE:   2019 Aston Martin DB11**
**VIN: SCFRMFCWXKGM06748**

To Whom it May Concern:

Please be advised that I represent Mohanad Suede regarding the sale of the above-referenced vehicle from Suburban Exotics on or about April 14, 2023. Mr. Suede, pursuant to the Michigan Uniform Commercial Code, which covers breach of express and implied warranties, revocation of acceptance and other rights and remedies, the Michigan New Motor Vehicle Warranties Act (commonly referred to as the "Lemon Law"), the Federal Magnuson-Moss Warranty Act and other rights and remedies, does hereby notify you of your breach of warranties, revokes acceptance of the 2019 Aston Martin DB11, and is prepared to file suit to effect revocation of acceptance, cancellation of the sale, return of the vehicle, and payment to him of all monies expended, putting him back in the position he was prior to the contract.

Mr. Suede intends to hold Aston Martin Lagonda of North America, Inc. liable for all other foreseeable damages due to the nonconforming vehicle and breach of warranty, including attorneys' fees incurred with enforcing his rights pursuant to the following: M.C.L.A. 440.2313, M.C.L.A. 440.2314, 15 USC 2310(d)(2), M.C.L.A. 440.2714, M.C.L.A. 440.2715, M.C.L.A 440.2719, Kelynack v Yamaha Motor Corp, USA, 152 Mich App 105, 110-111 (1986), Davis v Forest River, 485 Mich 941 (2009), Cady v. Dick Loehr's, 100 Mich App 543; 299 NW2d 69 (1980).

Aston Martin Lagonda of North America, Inc.
October 27, 2025
Page Two


Since the date Mr. Suede took delivery, the 2019 Aston Martin DB11 has been in for repairs on numerous occasions and been out of service due to defects for an excessive amount of time. If you do not contact us in writing within 7 days of this letter and acknowledge your breach of warranties and sale of a nonconforming good, we will bring an action seeking all remedies available under the law.

If I do not hear from you within 7 days, I will assume that you refuse to acknowledge your breach of warranty and the nonconforming nature of the vehicle. Please be advised that if you do not allow return of the vehicle, my client will be forced to continue to use the vehicle to mitigate his damages. However, if you wish for Mr. Suede to discontinue use of the vehicle and thereby increase his damages, please advise me in writing immediately. If I do not hear otherwise, I will assume that you authorize his continued use of the vehicle to minimize his damages.

Please be advised that we are asserting an attorney's lien on any and all proceeds in this matter. All further communications with Mr. Suede must be directed through my office.

Thank you for your anticipated cooperation.

Very truly yours,

**CONSUMER LEGAL SERVICES, P.C.**

Steven S. Toth, Esq.

SST/snh

cc:   Mohanad Suede

Yolanda Payne   10/31/2025 10:42 AM   WAYNE COUNTY CLERK   Cathy M. Garrett   IN MY OFFICE   25-017295-NZ FILED

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

MOHANAD SUEDE,

                Plaintiff,

                                          25-        NZ

v

ASTON MARTIN LAGONDA OF NORTH AMERICA, INC., a Connecticut corporation,

                Defendant,

_____/

CONSUMER LEGAL SERVICES, P.C.
STEVEN S. TOTH P-44487
RONALD J. BOLZ P-43897
CHRISTOPHER A. WINKLER P-57431
TRAVIS L. SHACKELFORD P-68710
STEVEN S. TOTH JR P-83678
Attorneys for Plaintiff
30928 Ford Road
Garden City, MI  48135
(734) 261-4700
Cwinkler@lemonauto.com
Asanders@lemonauto.com
_____/

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury on all issues triable as such.

                          Respectfully submitted,

                          CONSUMER LEGAL SERVICES, P.C.

By:                            

                          STEVEN S. TOTH P-44487
                          RONALD J. BOLZ P-43897
                          CHRISTOPHER A. WINKLER P-57431
                          TRAVIS L. SHACKELFORD P-68710
                          STEVEN S. TOTH JR P-83678
                          Attorneys for Plaintiff
                          30928 Ford Road
                          Garden City, MI  48135

Dated: October 28, 2025