UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHANAD SUEDE,

Plaintiff,

v.

ASTON MARTIN LAGONDA OF NORTH AMERICA, INC.,

Defendant.
_____________________________/

Case No. 25-13829

F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING MOTION**
**FOR LEAVE TO AMEND COMPLAINT (ECF No. 27)**

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint in state court for breach of contract and breach of warranties based on written and implied warranties. (ECF No. 1-1). On December 1, 2025, Defendant removed this matter to federal court based on federal question jurisdiction under the Magnusson-Moss Warranty Act. (ECF No. 1). The court entered its Case Management Order on January 7, 2026, imposing a deadline to amend pleadings of February 27, 2026, and a fact discovery deadline of June 12, 2026. (ECF No. 9). Two months after the close of discovery, on August 19, 2026, Plaintiff filed a motion for leave to

amend the complaint seeking to add a claim under the Michigan Consumer Protection Act. (ECF No. 27). Defendant opposes the motion. (ECF No. 29). The court has determined that a hearing is not necessary to resolve this motion. E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a)(2), “a party may amend its pleading only with the opposing party’s written consent or the court’s leave. The court should freely give leave when justice so requires.” Generally, Rule 15(a)(2) embodies a “liberal amendment policy.” *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010). However, leave to amend may be denied when there is “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” *Id.* at 443. A proposed amendment is considered futile if “the amendment could not withstand a Rule 12(b)(6) motion to dismiss.” *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Additionally, when a plaintiff moves to amend their complaint after the relevant deadlines in the case management order have passed, they must

demonstrate "good cause" for failure to seek leave earlier, pursuant to Fed. R. Civ. P. 16(b)(4). *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003). In considering whether a plaintiff has shown good cause, the court must consider "the moving party's diligence in attempting to meet the case management order's requirements" as well as whether the defendant will suffer prejudice as a result of the proposed amendment. *Tripp v. United States*, No. 21-12859, 2023 WL 3441724, at *2 (E.D. Mich. Apr. 5, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *Davidson v. Arlington Cmty. Sch. Bd. of Educ.*, 847 F. App'x 304, 311-12 (6th Cir. 2021)).

## III. ANALYSIS

In the court's view, the dispositive factor in the analysis under Rule 16 and Rule 15 is undue prejudice to Defendant if the amendment were allowed. To deny a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Allowing amendment after the close of discovery creates significant prejudice. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Moore*, 790 F.2d at 560). Further, a party's assertion of a new claim can prejudice an opposing party if it would cause "the opponent to expend significant additional resources to conduct discovery and

prepare for trial" or the new claim would "significantly delay the resolution of the dispute." *Dearborn Mid-W. Co., LLC v. F M Sylvan, Inc.*, No. 22-CV-12114, 2023 WL 8810762, at *4 (E.D. Mich. Dec. 20, 2023) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).

Plaintiff argues that the joinder of the MCPA claim would not require Defendant to prepare an additional defense strategy or expend additional resources to defend because Plaintiff's proposed MCPA claim is based on the same operative facts as the claims pleaded in the original complaint. That is, according to Plaintiff, Defendant's violation of the MCPA is based on its breach of the express and implied warranties covering the subject vehicle as pleaded in the original complaint. Defendant argues, on the other hand, that the proposed MCPA claim goes beyond the scope of the warranty claims to allege that Defendant made misrepresentations and omissions regarding the transactions at issue. Defendant argues that the proposed MCPA claim implicates conduct sounding in fraud that Plaintiff never raised in his initial complaint. *See Zine v. Chrysler Corp.*, 236 Mich. App. 261, 283 (1999) ("[I]t is proper to construe the provisions of the MCPA 'with reference to the common-law tort of fraud.'") (citing *Mayhall v. A.H. Pond Co.*, 129 Mich. App. 178, 182-

83 (1983) ("the great majority of the specific prohibited practices enumerated in the statute ... involve fraud").

Defendant points to several examples from the proposed amended complaint that it argues sound in fraud and misrepresentation:

> (d) [Aston Martin] has made representations of fact and/or statements of fact material to said transaction such that the Plaintiff reasonably believed that the represented or suggested standard, quality, characteristics, and uses of the Subject Vehicle to be other than they actually were.
>
> (e) [Aston Martin] has made representations of fact and/or statements of fact material to such transaction such that the Plaintiff reasonably believed that the represented or suggested service to the Subject Vehicle, the characteristics of the Subject Vehicle and the warranties applicable to the vehicle to be other than it actually was.
>
> (g) [Aston Martin] has failed to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.
>
> (q) Gross discrepancies between the oral representations of the Defendant and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.
>
> (w) Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, when the waiver is not

> clearly stated and/or the consumer has not specifically consented to it.

(ECF No. 27-1, ¶ 68). Defendant argues that Plaintiff's MCPA allegations would require it to prepare a new defense strategy to defend against the allegations of misrepresentation and fraud, without being able to explore those allegations as discovery has closed, and would result in a more complicated, lengthier trial so that the parties could explore such pre-sale allegations. Plaintiff insists that paragraphs 68(d), (e), (g), and (q) concern Defendant's breach of the express warranty and paragraph 68(w) concerns Defendant's attempt to disclaim the implied warranty of merchantability.

Plaintiff's argument misses the mark. Nearly every subparagraph of paragraph 68 of the proposed amended complaint refers to alleged "representations" made by Defendant, the alleged "promised benefits to Plaintiff", Defendant "failing to reveal a material fact" "in light of representations of fact made in a positive manner," Defendant "failing to reveal a material fact" "the omission of which tends to mislead or deceive the consumer," "gross discrepancies between the oral representations made to Plaintiff and the written agreements," and "making a representation of fact or statement of fact material to the transaction such that a person reasonably

believes the represented or suggested state of affairs to be other than it actually is." (ECF No. 27-1, ¶ 68). The focus of the original complaint was on the written agreements between the parties, while the focus of the proposed amendment is on the alleged representations made by Defendant, mostly outside of those written documents. Nothing in the original complaint would have put Defendant on notice to explore in discovery these various misrepresentation theories.

Notably, Plaintiff's proposed amended complaint does not provide any facts to support any of his misrepresentation theories under the MCPA, which would obviously have to be explored in discovery. For example, a claim under § 445.903(1)(s) ("Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer."), which Plaintiff asserts in ¶ 68(g), requires the plaintiff to allege the facts that were allegedly withheld, whether and why those facts were material, whether the withholding of those facts would tend to mislead or deceive, and why he could not reasonably have known those facts. *Gordon v. Home Loan Ctr., LLC*, No. 10-10508, 2011 WL 1261179, at

*11 (E.D. Mich. Mar. 31, 2011).[1] Plaintiff has not provided any such facts or any other facts supporting his various misrepresentation theories in the proposed amended complaint, which Defendants would be entitled to fully explore in discovery, but cannot do so because discovery has closed. Plaintiff's suggestion that discovery could be reopened is unavailing as the court is not inclined to do so because requiring Defendant to conduct further discovery after discovery has closed is itself prejudicial. *Leary v. Daeschner*, 349 F.3d 888, 908-909 (6th Cir. 2003) (A defendant "can show prejudice by the fact that discovery will have to be reopened[.]"); *Duggins*, 195 F.3d at 834 ("Allowing amendment at this late stage in the litigation would create

[1] The court could also find that Plaintiff's proposed amended complaint is futile on the grounds that it fails to sufficiently allege facts in support of its MCPA claim. Where the plaintiff fails to provide any factual support showing a violation of a particular provision of the MCPA, the claim must be dismissed for failure to state a claim. *Gordon v. Home Loan Ctr., LLC*, No. 10-10508, 2011 WL 1261179, at *11 (E.D. Mich. Mar. 31, 2011); *see also Meyer v. Citimortgage, Inc.*, No. 11–13432, 2012 WL 511995, at *11 (E.D. Mich. Feb. 16, 2012) (dismissing an MCPA claim for failure to state a claim where plaintiff offered a mere recitation of activities prohibited by MCPA, without identifying the factual basis for the purported violation); *Dinwiddie v. Lenovo (United States) Inc.*, No. 2:22-CV-218, 2024 WL 6915561, at *4 (W.D. Mich. Mar. 27, 2024) (failure to identify what omissions defendant supposedly made doomed MCPA claim). However, Defendant did not raise this theory of futility and it appears the court cannot address it under the party presentation principle. *In Re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 143 F.4th 718, 725 (6th Cir. 2025) ("In our adversarial system, we follow the principle of party presentation, which means that we 'rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.'") (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).

significant prejudice to the defendants in having to reopen discovery”); *Laudien v. Caudill*, Civil No. 14-147-ART, 2015 WL 12990213, at *2 (E.D. Ky. July 22, 2015) (“Delaying the close of discovery or dispositive motions constitutes undue prejudice.”); *Miller v. Admin. Off. of Cts.*, 448 F.3d 887, 898 (6th Cir. 2006) (Where a discovery deadline has already passed and the deadline for filing dispositive motions was imminent, the defendants would be prejudiced if amendment of the complaint were permitted by the court.). Accordingly, the court finds that allowing the proposed amendment to proceed after the close of discovery would be unduly prejudicial to Defendant. Based on this conclusion, the court need not address Defendant’s futility arguments.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff’s motion for leave to amend the complaint.

**SO ORDERED.**

Dated: October 29, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge